United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DANIEL CASTILLO-ANTONIO, | No. C-13-05709 DMR |
| Plaintiff(s), | **ORDER DENYING EX PARTE MOTION FOR SERVICE BY PUBLICATION [DOCKET NO. 16]** |
| v. | |
| EUGENIA AZURDIA DBA EL CERRITO INSURANCE SERVICES, KA CHAN, AND DOES 1-50 INCLUSIVE, | |
| Defendant(s). | |

Before the court is an ex parte motion for service by publication on Defendant Ka Chan filed by Plaintiff Jose Daniel Castillo-Antonio. [Docket No. 16.] The court finds that the motion is appropriate for resolution without oral argument pursuant to Civil L.R. 7-1(b). For the reasons stated below, the motion is **denied without prejudice**.

## I. BACKGROUND

Plaintiff alleges that he is a physically handicapped person. Compl. [Docket No. 1] at ¶ 6. Defendant Eugenia Azurdia dba El Cerrito Insurance Services is the owner and operator of El Cerrito Insurance Services, an insurance business located at 10891 San Pablo Avenue in El Cerrito, California. *Id.* at ¶ 7. Chan is also alleged to be the "owner[], operator[], possessor[], builder[], and

keeper[]" of the insurance business.[1] *Id.* at ¶ 8. Plaintiff alleges that on October 9, 2013, he visited the insurance business for the purpose of shopping for insurance, but encountered architectural barriers that interfered with his access to the business. *Id.* at ¶¶ 3-5, 12.

On December 10, 2013, Plaintiff filed a complaint against Defendants Azurdia and Chan as well as unnamed Doe defendants, bringing causes of action for (1) violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., (2) violation of California Health and Safety Code § 19955 et seq., (3) violation of California Civil Code §§ 54, 54.1 and 54.3, and (4) violation of California Unruh Civil Rights Act, California Civil Code §§ 51, 51.5. Compl. at ¶ 6-20.

Default has been entered as to Azurdia. [Docket No. 9.] Plaintiff now moves to serve Chan by publication after unsuccessful attempts to serve him by other means.

## II. DISCUSSION

**A. Legal Standards**

Federal Rule of Civil Procedure 4(e)(1) allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under California law, "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court . . . that the party to be served cannot with reasonable diligence be served in another manner and . . . (1) [a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a).

"Because of due process concerns, service by publication must be allowed 'only as a last resort.'" *Duarte v. Freeland,* No. C-05-2780 EMC, 2008 WL 683427 at *1 (N.D. Cal. Mar. 7, 2008) (quoting *Watts v. Crawford*, 10 Cal. 4th 743, 749 n. 5 (1995)). The "reasonable diligence" requirement of Section 415.50 "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Superior Court,* 45 Cal. App. 4th 1126, 1137 (1996) (citations omitted). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally

---

[1] In the motion, Plaintiff identifies Defendant Chan as the landlord of the property in which the insurance business is located. Motion at 1 (referring to Chan as the "Landlord Defendant").

2

recognized that service by publication rarely results in actual notice." *Watts*, 10 Cal.4th at 749 n. 5 (citation omitted). The fact that a plaintiff has taken one or a few reasonable steps does not necessarily warrant service by publication; instead, the plaintiff must first "exhaust the myriad of other avenues." *Donel, Inc. v. Badalian,* 87 Cal. App. 3d 327, 333 (1978) (the single act of searching telephone directories did not constitute reasonable diligence in attempting to locate defendant so as to justify service by publication). "A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient. These are likely sources of information, and consequently must be searched before resorting to service by publication." *Kott,* 45 Cal. App. 4th at 1137 (citations omitted).

The determination of reasonable diligence is fact and case specific. *Id.* at 1137-38 ("[T]he showing of diligence in a given case must rest on its own facts and no single formula nor mode of search can be said to constitute due diligence in every case.") (citation omitted).

**B. Affidavit**

An affidavit submitted under section 415.50 must "provide independent evidentiary support, in the form of a sworn statement of facts," to support a cause of action against defendant. *McNamara v. Lee,* No. 11-cv-l344 BTM (WMc), 2011 WL 4635618 at *1 (S.D. Cal. Oct. 5, 2011) (citing *Harris v. Cavasso,* 68 Cal. App. 3d 723, 726 (1977) (for purpose of service by publication, affidavit must contain a statement of "evidence tending to establish" the existence of a cause of action)).

Plaintiff's affidavit is a declaration submitted by his counsel. *See* MacBride Decl. [Docket No. 16-1]. With respect to the requirement that the affidavit include a statement of facts supporting a cause of action against Chan, the declaration is short: it lists the causes of action brought against Chan, and states that counsel has "personally interviewed my client and prepared the complaint, and can attest that each of these causes of action have a factual basis and merit. A summary of the factual basis of the complaint, which I hereby certify, appears within that document at paragraphs 4(a) to 4(e)." MacBride Decl. at ¶¶ 3-4.

This statement is insufficient. Reference to another document for the statement of facts is insufficient because the affidavit itself must include the statement of facts. *See Harris,* 68 Cal. App. 3d at 726 ("Contrary to plaintiffs' assertion, the verification of the complaint by plaintiffs' counsel on his information and belief is no substitute for the sworn statement of facts which section 415.50 requires of the affiant."; finding that predecessor statute allowed showing of cause of action by either separate affidavit or verified complaint, but Section 415.50 allows showing to be made only by affidavit).

**C. Reasonable Diligence**

In addition, the declaration is deficient because does not demonstrate that Plaintiff "took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances" would have taken, which is what is required under the "reasonable diligence" requirement of Section 415.50. *Donel,* 87 Cal. App. 3d at 333.

The declaration describes Plaintiff's counsel's attempts to serve Chan. First, counsel conducted an investigation at the Contra Costa County Tax Assessor's Office regarding the owner of the property in which the insurance business is located. Counsel's investigation found that "all evidence[2] indicated that [a Wenk Avenue address in Richmond, California] was indeed the address of property owner Ka Chan." *Id.* at ¶ 6(b). Then, counsel (1) used a professional process server to attempt service at the Wenk Avenue address on December 12, 14, 16, and 17, 2013;[3] and (2) attempted to serve by mailing "packages" via first class mail and certified mail. *Id.* at ¶ 6(a)-(c). Counsel does not state when he mailed the "packages" or what those packages contained, but notes that the certified mail package was returned as undeliverable on May 16, 2014. *Id.* The first class mail package was not returned.

---

[2] The declaration does not explain what evidence constituted "all evidence indicat[ing]" that Chan could be located at the Wenk Avenue address.

[3] The declaration also attaches the process server's Affidavit of Reasonable Diligence which shows five attempts to serve. MacBride Decl. at Ex. 1 (attempts to serve made on December 14, 2013 at 12:01 p.m. and 7:40 p.m.; December 15, 2013 at 8:00 a.m.; December 16, 2013 at 5:10 p.m.; December 17, 2013 at 9:25 p.m.). During each attempt, the process server recorded "no answer and no activity" at the address.

1    Counselalso  states that he is "not aware of any other person, firm, or entity who knows or is
2 likely to know the whereabouts of [Chan], and [he] know[s] of no other reliable source from which
3 [he] can obtain such information.  The co-defendant, Eugenia Azurdia, has been served, has not
4 appeared, and has been defaulted.  It is therefore unlikely that [she] will intervene on behalf of her
5 co-defendant, since she has not intervened on her own behalf." *Id.*

6    While Plaintiff has attempted personal service on Chan's believed address four times over
7 four days (during a time of year when many people are away from their homes) and sent "packages"
8 via first class and certified mail to that address, these attempts do not exhaust the myriad other
9 options available.  Plaintiff could have attempted to gather more information about Chan's
10 whereabouts and confirm that he either resides at the address or has other properties by searching
11 phone books, online people search tools, voter registries, or other common sources of information,
12 or by hiring a private investigator.  *See, e.g., Loskot v. Galleria,* No. CV 12-05549-KA W, 2013 WL
13 6512757 at *2 (N.D. Cal. Dec. 12, 2013) (finding that personal service, online people searches and
14 telephone calls were reasonable steps but were insufficient due to failure to confirm Defendant
15 resided at the address); *Aevoe Corp. v. Pace,* No. C 11-3215 MEJ, 2011 WL 3904133 at *2 (N.D.
16 Cal. Sept. 6, 2011) (holding that personal and substitute service at primary and secondary address,
17 calling phone numbers attached to address, and hiring private investigator was sufficient to warrant
18 service by publication).  Other means of establishing Chan's whereabouts or determining whether
19 Chan does in fact reside at the Richmond address can include contacting relatives, friends, or
20 neighbors.  *See Kott,* 45 Cal. App. 4th at 1137.  In addition, Plaintiff did not indicate whether he had
21 an email address for Chan, and whether he attempted to reach Chan via that email address.  *See*
22 *Aevoe*, 2011 WL 3904133 at *2 (noting that the plaintiff's diligent efforts included emailing a cease
23 and desist letter to the defendant's known email addres).

24    Nor did Plaintiff take the "step[s] which patently appeared to hold the most promise for
25 locating" Chan, *see Donel*, 87 Cal. App. 3d at 333, which in this case would include (1) determining
26 whether Chan still owns the San Pablo Avenue property and attempting to locate him there and (2)
27 contacting Chan's co-defendant for Chan's contact information.  That Plaintiff's counsel believes
28 that Azurdia is "unlikely" to "intervene on behalf of her co-defendant" is an insufficient excuse;

5

Plaintiff need not require Azurdia to "intervene" but simply explain what she knows about Chan. Plaintiff does not claim that the insurance business is no longer operating or that Azurdia is no longer operating it; at the least, counsel could contact the insurance business in an attempt to locate Chan.

Counsel declares that "[f]urther investigation has been fruitless," although he does not describe what "further investigation" has entailed. *Id.* at ¶ 7. Simply stating that other investigation has proven unsuccessful is insufficient without details as to the steps actually taken. *See, e.g., McNamara,* 2011 WL 4635618 at *2 (finding the court was "unable to determine whether Plaintiff ha[d] investigated all necessary sources of information" because Plaintiff failed to provide content of searches); *Thieme v. Cobb,* No. C 13-3827 MEJ, 2013 WL 6072090 at *5 (N.D. Cal. Nov. 18, 2013) (stating that a lack of dates or records of searches prevented court from determining if there was reasonable diligence or timeliness in plaintiff's efforts).

Because Plaintiff has not shown that he has exhausted the other ways to locate Chan, he has not met the reasonable diligence requirement. The last resort option of service by publication is therefore appropriate at this time. The motion is **denied without prejudice.**

IT IS SO ORDERED.

Dated: August 14, 2014



DONNA M. RYU
United States Magistrate Judge

6