UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DANIEL CASTILLO-ANTONIO,<br><br>　　　　Plaintiff(s),<br><br>　　v.<br><br>EUGENIA AZURDIA DBA EL CERRITO INSURANCE SERVICES, KA CHAN, AND DOES 1-50 INCLUSIVE,<br><br>　　　　Defendant(s).<br>_____/ | No. C-13-05709 DMR<br><br>**ORDER DENYING EX PARTE MOTION FOR SERVICE BY PUBLICATION [DOCKET NO. 24]** |

　　Before the court is Plaintiff Jose Daniel Castillo-Antonio's second ex parte motion for service by publication on Defendant Ka Chan. [Docket No. 24.] The court finds that the motion is appropriate for resolution without oral argument pursuant to Civil L.R. 7-1(b). For the reasons stated below, the motion is **denied without prejudice**.

## I. BACKGROUND

### A. Factual Allegations

　　Plaintiff alleges that he is a physically handicapped person. Compl. [Docket No. 1] at ¶ 6. Defendant Eugenia Azurdia dba El Cerrito Insurance Services is the owner and operator of El Cerrito Insurance Services, an insurance business located at 10891 San Pablo Avenue in El Cerrito, California. *Id.* at ¶ 7. Chan is also alleged to be the "owner[], operator[], possessor[], builder[], and

keeper[]" of the insurance business.[1]  *Id.* at ¶ 8.  Plaintiff alleges that on October 9, 2013, he visited the insurance business for the purpose of shopping for insurance, but encountered architectural barriers that interfered with his access to the business.  *Id.* at ¶¶ 3-5, 12.

On December 10, 2013, Plaintiff filed a complaint against Defendants Azurdia and Chan as well as unnamed Doe defendants, bringing causes of action for (1) violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., (2) violation of California Health and Safety Code § 19955 et seq., (3) violation of California Civil Code §§ 54, 54.1 and 54.3, and (4) violation of California Unruh Civil Rights Act, California Civil Code §§ 51, 51.5.  Compl. at ¶ 6-20.

Default has been entered as to Azurdia. [Docket No. 9.]

**B. First Motion for Service by Publication**

On July 31, 2014, Plaintiff filed his first motion for service by publication.  [Docket No. 16.] The court denied this motion because (1) Plaintiff's affidavit was insufficient and (2) did "not demonstrate that Plaintiff 'took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances' would have taken, which is what is required under the 'reasonable diligence' requirement of Section 415.50."  Order [Docket No. 18] at 3-4 (citation omitted).  Plaintiff now moves again to serve Chan by publication after additional unsuccessful attempts to locate and serve him by other means.

## II. DISCUSSION

**A. Legal Standards**

Federal Rule of Civil Procedure 4(e)(1) allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Under California law, "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court . . . that the party to be served cannot with reasonable diligence be served in another manner and . . . (1) [a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action."  Cal. Civ. Proc. Code § 415.50(a).

---

[1] In the motion, Plaintiff identifies Defendant Chan as the landlord of the property in which the insurance business is located.  Motion at 1 (referring to Chan as the "Landlord Defendant").

"Because of due process concerns, service by publication must be allowed 'only as a last resort.'" *Duarte v. Freeland,* No. C-05-2780 EMC, 2008 WL 683427 at *1 (N.D. Cal. Mar. 7, 2008) (quoting *Watts v. Crawford*, 10 Cal. 4th 743, 749 n. 5 (1995)). The "reasonable diligence" requirement of Section 415.50 "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Superior Court,* 45 Cal. App. 4th 1126, 1137 (1996) (citations omitted). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts*, 10 Cal.4th at 749 n. 5 (citation omitted). The fact that a plaintiff has taken one or a few reasonable steps does not necessarily warrant service by publication; instead, the plaintiff must first "exhaust the myriad of other avenues." *Donel, Inc. v. Badalian,* 87 Cal. App. 3d 327, 333 (1978) (the single act of searching telephone directories did not constitute reasonable diligence in attempting to locate defendant so as to justify service by publication). "A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient. These are likely sources of information, and consequently must be searched before resorting to service by publication." *Kott,* 45 Cal. App. 4th at 1137 (citations omitted).

The determination of reasonable diligence is fact and case specific. *Id.* at 1137-38 ("[T]he showing of diligence in a given case must rest on its own facts and no single formula nor mode of search can be said to constitute due diligence in every case.") (citation omitted).

**B. Reasonable Diligence**

In the order denying Plaintiff's first motion, the court described Plaintiff's efforts up until that point to locate Chan:

> The declaration describes Plaintiff's counsel's attempts to serve Chan. First, counsel conducted an investigation at the Contra Costa County Tax Assessor's Office regarding the owner of the property in which the insurance business is located. Counsel's investigation

3

found that "all evidence[2] indicated that [a Wenk Avenue address in Richmond, California] was indeed the address of property owner Ka Chan." [MacBride Decl. First Mot. [Docket No. 16-1] at ¶ 6(b). Then, counsel (1) used a professional process server to attempt service at the Wenk Avenue address on December 12, 14, 16, and 17, 2013;[3] and (2) attempted to serve by mailing "packages" via first class mail and certified mail. *Id.* at ¶ 6(a)-(c). Counsel does not state when he mailed the "packages" or what those packages contained, but notes that the certified mail package was returned as undeliverable on May 16, 2014. *Id.* The first class mail package was not returned.

Counsel also states that he is "not aware of any other person, firm, or entity who knows or is likely to know the whereabouts of [Chan], and [he] know[s] of no other reliable source from which [he] can obtain such information. The co-defendant, Eugenia Azurdia, has been served, has not appeared, and has been defaulted. It is therefore unlikely that [she] will intervene on behalf of her co-defendant, since she has not intervened on her own behalf." *Id.*

Order at 4-5. The court found these efforts to be insufficient to warrant service by publication:

While Plaintiff has attempted personal service on Chan's believed address four times over four days (during a time of year when many people are away from their homes) and sent "packages" via first class and certified mail to that address, these attempts do not exhaust the myriad other options available. Plaintiff could have attempted to gather more information about Chan's whereabouts and confirm that he either resides at the address or has other properties by searching phone books, online people search tools, voter registries, or other common sources of information, or by hiring a private investigator. Other means of establishing Chan's whereabouts or determining whether Chan does in fact reside at the Richmond address can include **contacting relatives, friends, or neighbors. In addition, Plaintiff did not indicate whether he had an email address for Chan, and whether he attempted to reach Chan via that email address**.

Nor did Plaintiff take the "step[s] which patently appeared to hold the most promise for locating" Chan, *see Donel*, 87 Cal. App. 3d at 333, which in this case would include (1) **determining whether Chan still owns the San Pablo Avenue property and attempting to locate him there** and (2) **contacting Chan's co-defendant for Chan's contact information**. That Plaintiff's counsel believes that Azurdia is "unlikely" to "intervene on behalf of her co-defendant" is an insufficient excuse; Plaintiff need not require Azurdia to "intervene" but simply explain what she knows about Chan. Plaintiff does not claim that the insurance business is no longer operating or that Azurdia is no longer operating it; at the least, counsel could contact the insurance business in an attempt to locate Chan.

Counsel declares that "[f]urther investigation has been fruitless," although he does not describe what "further investigation" has entailed. *Id.* at ¶ 7. Simply stating that other investigation has proven unsuccessful is insufficient without details as to the steps actually taken.

---

[2] The declaration attached to the first motion did not explain what evidence constituted "all evidence indicat[ing]" that Chan could be located at the Wenk Avenue address, an omission which the court noted in its order denying the first motion. Order at 4 n. 2. The declaration attached to the second motion does not explain, correct, or alter the "all evidence indicat[ing]" language.

[3] The declaration also attaches the process server's Affidavit of Reasonable Diligence which shows five attempts to serve. MacBride Decl. at Ex. 1 (attempts to serve made on December 14, 2013 at 12:01 p.m. and 7:40 p.m.; December 15, 2013 at 8:00 a.m.; December 16, 2013 at 5:10 p.m.; December 17, 2013 at 9:25 p.m.). During each attempt, the process server recorded "no answer and no activity" at the address.

4

Order at 3-6 (most citations omitted, emphasis added). The court concluded that "[b]ecause Plaintiff has not shown that he has exhausted the other ways to locate Chan, he has not met the reasonable diligence requirement," and denied "[t]he last resort option of service by publication." Order at 6.

Plaintiff's second motion describes the efforts he has taken since the court's denial of the first motion to locate Chan. Specifically, Plaintiff hired a private investigator. MacBride Decl. at ¶ 6(c), Ex. 2 (Report from Specialized Investigations dated October 21, 2014). The private investigator's report states that the private investigator conducted research through the California Department of Motor Vehicles and found that there was a vehicle currently registered to Chan at the Wenk Avenue address, with an ownership issue date of June 14, 2014. *Id.* The report also states that the private investigator made "indirect contact" with Chan, who confirmed a certain phone number and address located by the private investigator through database sources. Chan also indicated that "while he had resided in the state of Washington until 2005 he currently resides at" the Wenk Avenue address. *Id.* The report also indicated that the private investigator would suspend further research, e.g., "in the form of a vehicle sighting report," so that Plaintiff could "conduct further field work and review these findings." *Id.*

After the private investigator provided her report, Plaintiff again sent process servers to the Wenk Avenue address to attempt to serve process, which Plaintiff notes is "immediately adjacent to the address of the non-compliant building that is the subject of this lawsuit." MacBride Decl. at ¶ 6(d), Ex. 4. The process server attempted service on Friday, October 24, 2014 at 11:20 a.m.; Saturday, October 25, 2014 at 3:14 p.m.; Tuesday October 28, 2014 at 7:46 a.m. and 8:00 a.m.; and Sunday, November 2, 2014 at 3:20 p.m. *Id.* The process server's report indicates that the process server could not determine whether the Wenk Avenue address was a business or a residence, as it "is located on the top floor of a commercial building." *Id.*

Plaintiff has still not demonstrated that the last resort option of service by publication is warranted. While hiring a private investigator is one of the measures a plaintiff should take before requesting service by publication, it is not the *only* measure required. The court's prior order listed other reasonable measures that Plaintiff could take, including but not limited to the following: (1)

contacting Chan's relatives, friends, or neighbors; (2) emailing Chan, if his email address is known; (3) determining whether Chan still owns the San Pablo Avenue property and attempting to locate him there; and (4) contacting Chan's co-defendant for Chan's contact information. These are simple, modest measures, and Plaintiff's submissions do not explain why these methods were or would be ineffective or infeasible as means by which to locate Chan.

Furthermore, the private investigator's report contains omissions not clarified by Plaintiff's counsel's declaration. For example, the report does not describe how the investigator obtained Plaintiff's telephone number. The report also states that "*indirect contact was made with the subject who confirmed his phone number and address.* Mr. Chan indicated that while he had resided in the state of Washington until 2005 he currently resides at" the Wenk Avenue address, MacBride Decl. at Ex. 2 (emphasis in original), but does not explain what constitutes "indirect contact."

For the second time, because Plaintiff has not shown that he has exhausted the other ways to locate Chan, he has not met the reasonable diligence requirement. The last resort option of service by publication is therefore inappropriate at this time. The motion is **denied without prejudice.**

IT IS SO ORDERED.

Dated: December 18, 2014



DONNA M. RYU
United States Magistrate Judge

6